# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEMERSON, | CASE NO. 1:06-cv-00250-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BE DENIED AND DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| WARDEN OF SATF, et al., | |
| Defendants. | (Doc. 81) |
| | THIRTY-DAY OBJECTION PERIOD |
| _____/ | |

**Findings and Recommendations Addressing Motion to Dismiss**

## I.     Procedural History

Plaintiff Edward Demerson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 6, 2006.  This action is proceeding on Plaintiff's second amended complaint, filed on June 2, 2009, against Defendants Curtiss, Renya, and Morgan for excessive force and against Defendants Curtiss, Renya, and Reynoso for failing to protect Plaintiff, in violation of the Eighth Amendment.

On March 14, 2011, Defendants Curtiss, Renya, Reynoso, and Morgan filed a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and for failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a), Fed. R. Civ. P. 12(b).  After obtaining extensions of time, Plaintiff filed an opposition on July 25, 2011, and Defendants filed a

1

1   reply on August 8, 2011.[1]  Local Rule 230(l).

2   **II.      Failure to State a Claim**

3           Defendants argue that they are entitled to dismissal of this action for failure to state a claim

4   because Plaintiff failed to allege compliance with California's Tort Claims Act (CTCA).  Fed. R.

5   Civ. P. 12(b)(6).

6           The CTCA requires that a tort claim against a public entity or its employees be presented to

7   the California Victim Compensation and Government Claims Board no more than six months after

8   the cause of action accrues.[2]  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011).

9   Presentation of a written claim and action on or rejection of the claim are conditions precedent to

10  suit, and Defendants correctly argue that to state a tort claim against a public employee, Plaintiff

11  must allege compliance with the CTCA.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09

12  (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004);

13  Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001);

14  Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v.

15  Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  However, pursuant to the operative

16  screening order, this action is proceeding exclusively on federal constitutional claims.  Given the

17  absence of any pending state law tort claims, Defendants' motion to dismiss for failure to allege

18  compliance with the CTCA is misdirected and it must be denied.[3]

19  ///

20  ///

21

22          [1] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to

23  exhaust in an order filed on December 9, 2010.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc.
    77-1.)

24
            [2] Formerly known as the State Board of Control.

25
            [3] To the extent that Defendants are suggesting Plaintiff was required to exhaust his federal claims via the

26  CTCA, they neither make that express argument nor provide any authority for that proposition.  See e.g., California
    Correctional Peace Officers Ass'n v. Virga, 181 Cal.App.4th 30, 38-41 (Cal. Ct. App. 2010) (rejecting argument that

27  section 1983 action was a civil proceeding under the CTCA); Butler v. Los Angeles County, 617 F.Supp.2d 994,
    1001 n.2 (C.D.Cal. Nov. 12, 2008) (CTCA requirements not applicable to section 1983 claims); Toscano v. County

28  of Los Angeles, 92 Cal.App.3d 775, 784 (Cal. Ct. App. 1979) (CTCA provisions not operative in a section 1983
    action).

1   **III.**   **Failure to Exhaust**

2        **A.**   **Legal Standard**

3        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

4   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

5   confined in any jail, prison, or other correctional facility until such administrative remedies as are

6   available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

7   administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19

8   (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

9   regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

10  Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001), and the exhaustion requirement

11  applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983, 992

12  (2002).

13       The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under

14  which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S.

15  at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to

16  an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the

17  pleadings and decide disputed issues of fact.  Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010);

18  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff failed to exhaust, the proper

19  remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164,

20  1175-76 (9th Cir. 2005).

21       **B.**   **Administrative Remedy Process**[4]

22       The California Department of Corrections and Rehabilitation (CDCR) has an administrative

23  grievance system for prisoners to appeal any departmental decision, action, condition, or policy

24  having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1.  In order to satisfy

25  section 1997e(a), California state prisoners are required to use this process to exhaust their claims

26  prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311

27  _____

28       [4] Emergency changes to the regulations became effective on January 28, 2011, but those changes are not
relevant to the resolution of this motion.

3

1  F.3d at 1199-1201.

2       The process is initiated by submitting a CDCR Form 602 describing the problem and the

3  action requested, tit. 15, § 3084.2(a), and appeals must be submitted within fifteen working days of

4  the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, §

5  3084.6(c).  Up to four levels of appeal may be involved, including the informal level, first formal

6  level, second formal level, and third formal level, also known as the Director's Level.  Tit. 15, §

7  3084.5.  For claims of alleged misconduct by departmental peace officers, such as at issue here, the

8  first informal level of appeal is waived, tit. 15 § 3084.5(a)(3)(G), and a Rights and Responsibilities

9  Statement must accompany the appeal, tit. 15 § 3084.1(e).

10       **C.    Defendants' Position**

11       The events at issue allegedly occurred on March 8, 2005, and Plaintiff filed one inmate

12  appeal grieving these events.  (Doc. 81, Motion, Ex. A, Hall Dec., ¶¶12, 13 & Attach. 2.)  The

13  appeal, filed on May 3, 2005, and assigned log number SATF-Z-05-01692, was cancelled at the first

14  formal level of review by Lieutenant Gallagher after Plaintiff refused to sign the requisite Rights and

15  Responsibilities Statement.[5]  (Id.)  The appeal decision was returned to Plaintiff on June 24, 2005,

16  and Defendants contend that Plaintiff failed to pursue the appeal to the next level of review until

17  October 11, 2005, when it was received at the third level of review and then rejected for failure to

18  obtain a second level decision.  (Hall Dec., ¶13; Ex. B, Foston Dec., ¶12.)  Based on Plaintiff's

19  failure to exhaust appeal number SATF-Z-05-01692, Defendants contend they are entitled to

20  dismissal of this action.

21       **D.    Discussion**

22       Plaintiff argues that he exhausted the available administrative remedies within the time

23  constraints, and reviewers at the second and third levels refused to respond to his appeal.

24       Plaintiff fails to directly address his refusal to sign the Rights and Responsibilities Statement,

25  but Plaintiff's arguments and allegations are consistent with a refusal to sign the statement in

26  compliance with Lt. Gallagher's request.  Plaintiff states that Lt. Gallagher attempted to force him

27

28       [5] It is not clear why the appeal was accepted approximately two months after the events at issue, but the discretion to accept or reject late appeals rests with prison officials.

1  into a misconduct complaint and refused to allow him to submit a "regular" 602 appeal. (Doc. 97,

2  Demerson Dec., 3:4-9.)  Plaintiff also alleges that Lt. Gallagher told him his appeal had to be

3  processed as a misconduct complaint and that Plaintiff had to sign "it."  (Doc. 56, 2nd Amend.

4  Comp., 15:8-13.)

5       It is not clear if Plaintiff viewed the direction to sign the statement as converting his appeal

6  to something other than a regular CDCR 602 appeal, such as a citizen's complaint, or as otherwise

7  removing his appeal from the regular 602 process.  Regardless, Plaintiff was required to comply with

8  all applicable procedures, including signing the Rights and Responsibilities Statement as directed,

9  and the failure to submit the statement was grounds for rejection of the appeal.  Tit. 15, § 3084.1(e).

10  Plaintiff was given written notice that his appeal was cancelled at the first formal level of review

11  based on his failure to sign the statement, and he was also informed that his complaint was not

12  sustained and he could submit the issue to the second level of review.  (Demerson Dec., 3:14-16.)

13  Plaintiff was required at that point to continue the pursuit of the appeal because he did not prevail

14  on it and there was further relief available to him.  Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir.

15  2010).

16       The first level decision was returned to Plaintiff on June 24, 2005, triggering the fifteen-day

17  period in which the appeal had to be submitted to the next level.  Plaintiff attests that he submitted

18  the appeal on July 7, 2005, which was within fifteen working days of his receipt of the first level

19  decision. (Demerson Dec., 3:17-18 & Ex. at court record p. 10.)  However, while Plaintiff may have

20  timely submitted the appeal, his evidence reveals his failure to submit it to the correct department.

21  Instead of sending it to the institutional appeals coordinator for a second level review, Plaintiff

22  mistakenly sent the appeal to the Director's Level in Sacramento, which only handles third level

23  reviews. (Demerson Dec., 3:19-20 & 26-27, & Ex., court record p. 17.)  The appeal was returned

24  with a rejection letter dated September 15, 2005. (Ex., p. 16.)  On September 27, 2005, Plaintiff sent

25  the appeal to the institutional appeals coordinator for a second level review and explained that he

26  inadvertently sent the appeal to Sacramento. (Ex., p. 17.)  The appeal was rejected as untimely in

27  a letter dated September 29, 2005. (Ex., p. 18.)  Plaintiff then sent the appeal back to Sacramento

28  on October 5, 2005, and it was rejected on December 22, 2005, based on Plaintiff's failure to obtain

1    a second level review.  (Ex., pp. 10, 19.)

2         Plaintiff was required to comply with the procedural rules governing the inmate appeals

3    process and the exhaustion requirement is not satisfied by filing an untimely or otherwise defective

4    appeal.  Woodford, 548 U.S. at 83-84.  The rejection of Plaintiff's untimely appeal by second level

5    reviewer on September 29, 2005, was not improper because the appeal was in fact untimely by the

6    time Plaintiff submitted it to the correct department.  The rejections of his appeal at the third level

7    of review on September 15, 2005, and again on December 22, 2005, for failure to obtain a second

8    level decision were also not improper, as Plaintiff was required to obtain a second level decision

9    prior to submitting the appeal to the third level.  Plaintiff's failure to comply with the proper

10   procedure is not excusable because although the error was inadvertent rather than intentional, the

11   responsibility for timely submitting the appeal to the proper department rested with Plaintiff.[6]  Sapp

12   v. Kimbrell, 623 F.3d 813, 823-24 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir.

13   2010).  Defendants are therefore entitled to dismissal of this action based on Plaintiff's failure to

14   exhaust.

15   **IV.     Recommendation**

16        Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to

17   dismiss, filed March 14, 2011, be DENIED in part and GRANTED in part as follows:

18        1.     Defendants' motion to dismiss for failure to state a claim be DENIED; and

19        2.     Defendants' motion to dismiss for failure to exhaust in compliance with section

20               1997e(a) be GRANTED, thus concluding this action in its entirety.

21        These Findings and Recommendations will be submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

23   **days** after being served with these Findings and Recommendations, the parties may file written

24   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

25   Findings and Recommendations."  The parties are advised that failure to file objections within the

26

27        [6] Plaintiff's reference to two other appeals he filed is unavailing.  (Demerson Dec., 4:11.)  Neither of those
     appeals grieved the excessive force and failure to protect claims at issue in this action.  (Ex., court record pp. 29-32.)
     The relevant appeal is number SATF-Z-05-01692.

28

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    August 24, 2011**                             **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE

7